UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEBRA THURMAN ATLAS, INDIVIDUALLY
AND AS ADMINISTRATRIX OF THE ESTATE
OF WILLIAM ATLAS, DECEASED                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:09cv294-DPJ-JCS

CHRYSLER, LLC, ET AL.                                                  DEFENDANTS

consolidated with

DEBRA THURMAN ATLAS, INDIVIDUALLY
AND AS ADMINISTRATIX OF THE ESTATE OF
WILLIAM ATLAS, DECEASED                                                 PLAINTIFF

V.                                              CIVIL ACTION NO. 3:09cv295-DPJ-JCS

CHRYSLER, LLC, ET AL.                                                  DEFENDANTS

ORDER

This wrongful death action is before the Court on the motion of Defendant A.O. Smith Corporation to transfer venue [4] and the motions of Plaintiff Debra Thurman Atlas to remand [17] and to abstain [19]. Having considered the submissions of the parties and the applicable law, the Court finds that Defendant's motion is well taken and should be granted. Insofar as Plaintiff seeks remand based on a procedural defect in removal, her motion should be denied; as to her remaining arguments for remand or abstention, the Court finds those are best addressed by the transferee court.

William Atlas died in an automobile accident on the morning of June 10, 2006. His wife brings this suit against Defendants–the manufacturer of Mr. Atlas's automobile and component parts manufacturers–based on theories of products liability, negligence, and breach of warranty. Two defendants, Chrysler, LLC, and TA Delaware, Inc., have filed for Chapter 11 bankruptcy in

the Southern District of New York. The parties have informed the Court that those cases are still pending. Defendant Tower Automotive, LLC, is the reorganized entity that emerged from TA Delaware's bankruptcy. Defendant A.O. Smith seeks to assert cross-claims for indemnification against Chrysler and the Tower defendants.

"Before proceeding to the merits of the remand, abstention, and transfer venue motions, the Court must determine whether the case has been removed properly and/or whether the court has subject matter [jurisdiction] over the proceeding." *Thomason Auto Group, LLC v. China Am. Co-op. Auto., Inc*., No. 08-3365 (JLL), 2009 WL 512195, at *2 (D.N.J. Feb. 27, 2009) (citing *Everett v. Friedman's Inc*., 329 B.R. 40, 41 (S.D. Miss. 2005)).

Plaintiff's claims and Defendant A.O. Smith's ability to pursue his cross-claims clearly implicate the orders of the bankruptcy court in these pending matters. The Court therefore possesses at least "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334. *See In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009) ("Cases 'related to' the bankruptcy case are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy.").

For her part, Plaintiff does not contest subject matter jurisdiction, asserting instead that the notice of removal was procedurally defective due to Chrysler's failure to consent. However, this Court finds no obstacle to its exercise of jurisdiction over this matter. Although the Fifth Circuit has not addressed the issue, this Court and many others have held that the "rule of unanimity" requiring all defendants to consent to removal under 28 U.S.C. § 1441 does not apply to bankruptcy removals under 28 U.S.C. § 1452. *Everett*, 329 B.R. 40, 41-42 (S.D. Miss. 2005) (Lee, J.) (citing *Beasley v. Pers. Fin. Corp.*, 279 B.R. 523, 529 (S.D. Miss. 2002) (Barbour, J.)

2

("[B]y its plain language, 28 U.S.C. § 1452 differs from 28 U.S.C. § 1441(a) in that the former permits 'a party' to remove a lawsuit to federal court while the latter permits removal by the 'defendant or defendants' in the case.")); *see also Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any one party can remove under [§] 1452(a), removal under that provision, unlike removal under [§] 1441(a), does not require the unanimous consent of the defendants."); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties."). Thus, the portion of Plaintiff's motion that seeks remand based on Chrysler's failure to consent to removal must be denied, and this Court has subject matter jurisdiction.

The next step is less clear. The parties dispute whether the Court should first consider Plaintiff's remand/abstention issues or the motion to transfer. Although the authority on this issue is somewhat mixed, this Court agrees with and will follow Judge Lee's decision in *Everett v. Friedman's, Inc.*, that where transfer to the "home" bankruptcy court is otherwise appropriate, that court should decide if remand or abstention is appropriate. 329 B.R. at 42 ("[I]f this case is to remain in federal court on account of [defendant's] bankruptcy, the most appropriate venue would be in . . . the location of [defendant's] bankruptcy case. Yet it should be for that court to make the determination whether the case may or should remain in federal court.").

The *Everett* holding is even more persuasive when transfer is mandatory. Among other grounds, Defendant A.O. Smith cites 28 U.S.C. § 157(b)(5) as a basis for transfer.[1] Section 157(b)(5) states:

---

[1] A.O. Smith also cites 28 U.S.C. §§ 1412 and 1404.

3

> The district court *shall order* that personal injury tort and wrongful death claims be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*.

(emphasis added). Plaintiff makes no argument against the application of this statute, relying only on her insistence that a motion to remand or abstain should be decided first. The Court finds that § 157(b)(5) applies to Plaintiff's claims in this case. *See Whittingham v. CLC of Laurel, LLC*, No. 2:06cv11-KS-MTP, 2006 WL 2423104, at *1 (S.D. Miss. Aug. 22, 2006) (Starrett, J.) (granting transfer because "28 U.S.C. § 157(b)(5) leaves little doubt that the ultimate venue of the trial in the personal injury case should be determined by the District Court where the bankruptcy case is pending"; holding that plaintiff's motions for remand and abstention should be left to transferee court); *Wise v. Cypress Manor Care Ctr., Inc.*, No. Civ.A. 05-1555, 2006 WL 149032, at *2 (W.D. La. Jan. 19, 2006) (granting § 157(b)(5) transfer of wrongful death claim; noting "[w]hether to abstain or proceed . . . is a question for the district court in which the bankruptcy is pending, not this Court"). Accordingly, Defendant's motion to transfer venue to the Southern District of New York should be granted.

For the reasons stated above, insofar as Plaintiff's motion for remand asserts a procedural defect in removal, that motion is denied. Defendant's motion to transfer is granted. Defendant's pending motion to invoke the standing order of reference [3] is hereby rendered moot. Pursuant to 28 U.S.C. § 157(b)(5), this matter shall be transferred to the Southern District of New York for further proceedings, including consideration of the other motions that remain pending.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2009.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE